UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JACK CHRISTOPHER CARSWELL,

Plaintiff,

v.

NICHOLAS ANDERSON; TERRY HODGES; NATHAN ATKINSON; CHRISTOPHER LEFAVE; JONATHAN SALISBURY; CITY OF MERIDIAN POLICE DEPARTMENT; and BRANDON FRASIER,

Defendants.

Case No. 1:22-cv-00369-BLW

**ORDER GRANTING IFP APPLICATION AND DISMISSING COMPLAINT**

The Court has before it Plaintiff's application to proceed without payment of fees (Dkt. 1), and Plaintiff's Complaint (Dkt. 2) and Amended Complaint (Dkt. 5) (together "Complaint"). For the reasons explained below, the Court will grant the application but dismiss the Complaint with leave to amend.

## ANALYSIS

### 1. *In Forma Pauperis* Application

Jack Christopher Carswell, proceeding pro se, has conditionally filed a complaint against six individual police officers and a police department. Carswell

did not pay the filing fee that is typically due when filing a complaint. Instead, he asks the Court to allow him to proceed *in forma pauperis*.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, he must submit an affidavit showing he is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed *in forma pauperis* in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

The Court has reviewed the affidavit provided by Carswell and finds that it states sufficient facts supporting his poverty. For that reason, the Court will grant his *in forma pauperis* application (Dkt. 1).

**2. Review of Complaint**

Once a court grants an *in forma pauperis* application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court chooses to engage in such a review, the governing statute requires dismissal of the complaint if it (1) states a

frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The second basis for dismissal—failure to state a claim upon which relief may be granted—is the most relevant in this case.

### A. The Pleading Standard

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But this does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06–

3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

When a pro se complaint does fail to state a claim, however, the litigant should generally be given leave to amend with instructions to cure the deficiency, unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**B. Application**

Carswell is seeking to bring civil rights claims, apparently under 42 U.S.C. § 1983, against several Meridian police officers and the Meridian Police Department for physical assault and theft. He requests relief in the form of money damages and an injunction requiring "Training as necessary so that this behavior will cease to exist." *Compl.* at 4, Dkt. 2. After reviewing the Complaint, the Court concludes that Carswell fails to state any claim upon which relief can be granted.

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of rights secured by the Constitution or federal law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A person deprives another of a right "within the meaning of § 1983, if he does an affirmative act, participates in another's

affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (internal quotations omitted).

Still more is required to state a § 1983 claim against a government official. The doctrine of qualified immunity "protects government officials from liability for civil damages" in most cases. *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1018 (9th Cir. 2020). To clear the hurdle, a plaintiff must adequately allege that (1) the official "violated a federal statutory or constitutional right" and (2) "the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, ––– U.S. ––––, 138 S. Ct. 577, 589 (2018).

**(1) Physical Assault Claim**

Carswell first claims that defendant police officers "physically assaulted" him for "asserting [his] Constitutionally Protected Rights." *Compl.*, Dkt. 2, at 4. He faults five officers and the Meridian Police Department for the assault. But beyond a bare assertion that his rights were violated, Carswell does not explain how the police officers or the police department actually violated his rights.

Beginning with the claims against individual police officers, Carswell's Complaint leaves many important questions unanswered: in what way was he physically assaulted? Who did the assaulting? What injuries—in terms more specific than "severe medical issues"—were sustained? And what constitutional

rights was Carswell asserting when the assault occurred? None of this information is in the Complaint. And without it, the Court cannot possibly "draw the reasonable inference" that any of the police officers deprived Carswell of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). One could speculate how law enforcement might violate a person's rights by using excessive force, for example, but speculation is not the Court's task.

Moreover, Carswell's Complaint also likely fails to clear the qualified immunity hurdle. He addresses qualified immunity in the Addendum by stating that his constitutional rights were "clearly violated," and that "[a]ny reasonable person would know this to be true." Dkt. 4. Here again, he does not identify which constitutional rights were allegedly violated. Consequently, it is impossible to determine whether those rights were "clearly established" at the time.

Moving next to Carswell's claim against the Meridian Police Department. Carswell claims that Meridian police officers need to be "properly educated" and receive "required Training as necessary so that this behavior will cease to exist." *Compl.* at 5, Dkt. 2. He also asserts that "the State policies & customs" followed by the Meridian Police Department were the "moving force behind the constitutional violation." *Id.* But again, these statements are conclusions, not factual allegations. Important questions are left unanswered, including what policies and customs

Carswell is challenging, and how those policies and customs are linked to the alleged physical assault.

**(2) Theft Claim**

Second, Carswell claims that his "Notice Plate" was stolen in violation of 10 U.S.C. § 921 and Idaho Code § 18-2403. *Am. Compl.* at 4, Dkt. 5. At the outset, neither of those statutes provides Carswell with a cause of action against the defendants. Title 10 of the United States Code applies specifically to "[m]embers of a regular component of the armed forces," which does not include city police officers or police departments. *See* 10 U.S.C. § 802. And Title 18 of Idaho Code sets forth the crimes and punishments of state criminal law, not bases for civil lawsuits like this one. *Allen v. Chappa*, No. 1:20-cv-00200-DCN, 2020 WL 4785438, at *4 (D. Idaho Aug. 18, 2020).

Moreover, even if the theft claim is construed as a § 1983 action, Carswell fails to state a plausible claim against the defendants. The Court has precious little information to work with. For example, Carswell does not state which defendant or defendants allegedly took his property; only that Brandon Frasier has "refused to return" it after the fact. *Am. Compl.* at 4, Dkt. 5. Nor is the meaning of "Notice Plate" clear to the Court. Once again, a bare conclusion is all we have: "My personal Property (Notice Plate) was stolen by a Police officer on November 7,

2021." *Id.* (verbatim). Despite the Court's liberality with pro se litigants, this conclusory statement is just not enough. *Ashcroft*, 556 U.S. at 678.

In sum, neither of Carswell's claims survive initial review under § 1915(e). However, because it is not clear that Carswell cannot cure the deficiencies with an amended complaint, the Court will dismiss the Complaint with leave to amend and will provide instructions for the amended complaint.

## INSTRUCTIONS FOR AMENDED COMPLAINT

An amended complaint must contain all the plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. Therefore, if Carswell files an amended complaint, it should include all the information discussed below and cannot rely on the Complaint dismissed by this Order.

### 1. Claims Against Police Officers

In the amended complaint, Carswell should include the following—organized by defendant—in support of his claims against the police officers: (1) the names of the officers who allegedly deprived Carswell of his rights; (2) the facts showing that the defendants were acting under color of state law; (3) the dates of the defendants' allegedly unlawful conduct; (4) the specific conduct Carswell believes violated his rights; (5) the particular constitutional or federal rights Carswell believes he was deprived of; (6) the injury or damages Carswell

personally suffered; and (7) the particular type of relief he is seeking from each defendant.

Carswell should take special care to detail item four by stating facts rather than conclusions. For example, instead of alleging that he was "physically assaulted," Carswell should describe the actual physical contact or threatened contact as well as the surrounding circumstances. As to the theft claim, he should explain exactly what property was taken, where it was when it was taken, which defendant took it, and any other relevant circumstances surrounding the event.

**2. Claims Against Police Department**

A person cannot sue a city under § 1983 simply because a city employee violated his rights. Instead, he must demonstrate that the alleged deprivation was the product of the city's policy, custom, or failure to adequately train its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). In Carswell's case, then, it is not enough to claim that Meridian police officers violated his rights through physical assault and theft.

In the amended complaint, Carswell should (1) identify specific policies or customs of the Meridian Police Department and (2) explain how the deprivation of his rights was a direct result of those policies or customs. Once again, he should be careful to allege facts instead of merely stating conclusions.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is **GRANTED**.

2. The Complaint fails to state a claim upon which relief may be granted and is **DISMISSED**. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: November 7, 2022

B. Lynn Winmill
U.S. District Court Judge