UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ANDERSON; TERRY HODGES; NATHAN ATKINSON; CHRISTOPHER LEFAVE; JONATHAN SALISBURY; CITY OF MERIDIAN POLICE DEPARTMENT; and BRANDON FRASIER,<br><br>Defendants. | Case No. 1:22-cv-00369-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

In August of 2022, Plaintiff Jack Carswell filed an application to proceed in forma pauperis (Dkt. 1) and a Complaint (Dkt. 2) against the Meridian Police Department and several Meridian Police Officers. In a Memorandum Decision and Order (Dkt. 6) issued November 7, 2022, the Court granted Carswell's application to proceed in forma pauperis but dismissed his complaint. The Order permitted Carswell to cure the deficiencies by filing an amended complaint within sixty days.

Carswell filed an Amended Complaint (Dkt. 8) and Motion to Review (Dkt. 7) on December 13, 2022, within the required timeframe. For the reasons explained

below, the Court will dismiss some, but not all, claims raised in the Amended Complaint.

## LEGAL STANDARD

When a court grants an *in forma pauperis* application, it may conduct an initial review of the complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court chooses to engage in such a review, the governing statute requires dismissal of the complaint if it (1) states a frivolous or malicious claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During the initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But that does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06–3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

When a pro se complaint does fail to state a claim, however, the litigant should generally be given leave to amend and cure the deficiency, unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## ANALYSIS

Carswell brings Section 1983 claims against several Meridian police officers and the Meridian Police Department, seeking money judgments ranging from one-million dollars to five-million dollars. *Am. Compl.* at 3, Dkt. 8. Having reviewed the Amended Complaint, the Court will dismiss all of Carswell's claims except the excessive force claim against officers Anderson, Hodges, Atkinson, and LeFave.

To state a claim under Section 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of rights secured by the Constitution or federal law. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A person deprives another of a right "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (internal quotations omitted).

1. **Carswell has not stated a claim against Officer Anderson for false arrest or malicious prosecution.**

Carswell first claims that Officer Nicholas Anderson violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights by "immediately threatening a false/illegal arrest and seizure when no probable cause or reasonable suspicion existed for an arrest." *Am. Compl.* at 1, Dkt. 8. This set of legal conclusions does not constitute a plausible claim for false arrest under Section 1983.

Section 1983 claims for false arrest are rooted in the Fourth Amendment's protection against unreasonable seizures. The Fourth Amendment generally requires that an arrest be made pursuant to a valid arrest warrant or, in some cases, where law enforcement has probable cause to believe a suspect has committed or is

committing an offense. *Martin v. Idaho*, No. 4:15–cv–00268–CWD, 2015 WL 5468793, at *2 (D. Idaho Sept. 17, 2015) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 (1975)).

Here, Carswell does not allege any facts from which the Court could "draw the reasonable inference" that Officer Anderson lacked a warrant or probable cause to arrest him. *Iqbal*, 556 U.S. at 678. Instead, he simply offers his own opinion that the arrest was "unreasonable" and asks the Court to accept that conclusion as gospel. Rule 8 requires more.

Next, Carswell hints at a claim for malicious prosecution, stating that Officer Anderson "intentionally and wrongfully initiat[ed] criminal proceedings against [him] under color of state law Title 19-603." *Am. Compl.* at 2, Dkt. 8. To prevail on a Section 1983 claim for malicious prosecution, a plaintiff must show that the defendant "prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). A plaintiff must also allege and prove that the prior criminal proceeding has terminated in his favor. *Thompson v. Clark*, 142 S.Ct. 1332, 1338 (2022).

Here, Carswell again provides bare legal conclusions rather than alleging each element of a malicious prosecution claim. He provides no factual allegations from which the Court could "draw the reasonable inference" that Officer Anderson

lacked probable cause to arrest him. *Iqbal*, 556 U.S. at 678. Nor does he claim that the criminal proceedings against him have terminated in his favor. Once again, the Court cannot simply accept Carswell's bare conclusions. Carswell's false arrest and malicious prosecution claims will therefore be dismissed.

**2.     Carswell has stated a claim for use of excessive force.**

Carswell next claims that officers Anderson, Hodges, Atkinson, and LeFave used excessive force when arresting him. He reports that, despite "no probable cause or reasonable suspicion exist[ing] for an arrest," he was "thrown to the concrete sustaining multiple injuries that required an Emergency Department visit," including "injuries to my major breathing muscles . . . chest pain . . . Kidney Failure . . . cuts, scrapes and bruises." *Am. Compl.* at 2, Dkt. 8.

Section 1983 claims for excessive force rest upon the Fourth Amendment's protection against unreasonable seizures. There is no "single, generic standard" for determining excessiveness. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Instead, courts must balance the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Carswell claims that four police officers unnecessarily threw him on the concrete when making his arrest, resulting in a trip to the emergency department

for several physical injuries. *Am. Compl.* at 1, Dkt. 8. To succeed on his claim, Carswell will have to demonstrate that the officers' conduct was unreasonable in light of all the surrounding facts and circumstances.[1] At this early juncture, however, he has sufficiently alleged the use of excessive force to survive dismissal.

3. **Carswell has not stated a claim against Officer Anderson or Officer Frasier for unlawful seizure of personal property.**

Carswell also claims that Officer Anderson "illegally seized [Carswell's] private property," and that Officer Frasier "continues to refuse to return this private property." *Am. Comp.* at 2, Dkt. 8. In its order dismissing Carswell's initial complaint, the Court instructed that Carswell would need to provide more factual allegations, such as "what property was taken, where it was when it was taken, which defendant took it, and any other relevant circumstances surrounding the event." Dkt. 6. But Carswell's Amended Complaint simply re-states the "bare conclusions" of his original complaint. *Id.* The Court will therefore dismiss Carswell's claims against Officer Anderson and Officer Frasier for the "theft" of his "personal property."

4. **Carswell has not stated a claim against the Meridian Police Department for failure to train.**

---

[1] Carswell will also have to overcome any qualified immunity defenses raised by the defendants to succeed on his claim. At this stage, however, dismissal is not appropriate absent a clear showing that Carswell would be unable to overcome qualified immunity. *Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016).

Finally, Carswell claims that "the City of Meridian has failed to adequately train their Police Officers in the laws of this state and more importantly, in the Federal laws of which they have sworn to uphold." *Am. Compl.* at 2, Dkt. 8.

"The Supreme Court in *Monell* held that municipalities may only be held liable under section 1983 for constitutional violations resulting from official . . . policy or custom. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). To state a Section 1983 claim against a municipality for failure to train, "a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez*, 993 F.3d at 1153–54.

Carswell's Amended Complaint falls well short of stating a claim for failure to train. First, Carswell does not point to any municipal training policy that could reflect deliberate indifference to constitutional rights. He cites the Code of Ethics found in the Rules of the Idaho Peace Officer Standards and Training Counsel. IDAPA 11.11.01.057.07. It is unclear how that Code of Ethics is relevant to Carswell's claim for failure to train, but in any case, it does not plausibly demonstrate deliberate indifference to constitutional rights. Carswell also states

that the officers violated the Meridian Police Department's policy on the use of body cameras. But again, he fails to link this passing remark to any elements of his claim for failure to train. Second, Carswell does not provide sufficient factual allegations to support a reasonable inference that the alleged constitutional violation would not have resulted if the city's Code of Ethics or policy on body cameras had been different.

In sum, all we have is Carswell's bare conclusion that the city failed to adequately train its officers. The Court will therefore dismiss Carswell's claim against the Meridian Police Department.

5.     **Leave to Amend**

The Court will dismiss Carswell's claims for false arrest, malicious prosecution, theft, and failure to train. However, because it is not clear that Carswell cannot cure the identified deficiencies by filing another amended complaint, the Court will permit him to file a second amended complaint within sixty days after entry of this Order. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

An amended complaint must contain all the plaintiff's allegations in a single pleading and cannot rely upon or incorporate prior pleadings by reference. Dist.

Idaho Loc. Civ. R. 15.1. Therefore, if Carswell files a second amended complaint, it must include all allegations for all claims, including those not dismissed by this Order.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's claims for false arrest, malicious prosecution, theft, and failure to train are **DISMISSED with leave to amend**.

2. Plaintiff may proceed only with his excessive force claim against Defendants Anderson, Hodges, Atkinson, and LeFave, as outlined above.

3. The Clerk of the Court is directed to issue summonses and provide the United States Marshals Service with a copy of the docket, Plaintiff's Amended Complaint (Dkt. 8), and the instant order to be served upon the remaining defendants—Nicholas Anderson, Terry Hodges, Nathan Atkinson, and Christopher LeFave.

DATED: March 3, 2023

_____
B. Lynn Winmill
U.S. District Court Judge