UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ANDERSON; TERRY HODGES; NATHAN ATKINSON; CHRISTOPHER LEFAVE; and BRANDON FRASIER,<br><br>Defendants. | Case No. 1:22-cv-00369-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Jack Christopher Carswell's Motion for Joinder of Parties (Dkt. 34). For the reasons explained below, the Court will deny the motion.

Carswell, a *pro se* plaintiff, filed this lawsuit in August of 2022 against the Meridian Police Department and several police officers. Dkt. 2. The Court dismissed his original Complaint in its entirety and dismissed most of the claims in his subsequently filed Amended Complaint. *See* Dkts. 6 & 10.

On April 24, 2023, Carswell filed the now-operative Second Amended Complaint (Dkt. 16). After performing an initial review under 28 U.S.C. § 1915(e)(2), the Court dismissed two of Carswell's claims but allowed him to

proceed on his claims for false arrest, malicious prosecution, excessive force, and unlawful seizure of personal property. *See* Dkt. 20.

After the defendants filed an Answer (Dkt. 25) and the Court issued a Case Management Order (Dkt. 32), Carswell filed a document entitled "Joinder of Parties" (Dkt. 34). In it, he "seek[s] a joinder" of two additional defendants: Officer Megan Moeller and "Officer Sergeant M. Carter." *Id.* Carswell argues that joinder is appropriate because Officer Moeller is the "individual responsible for the destruction and vandalism of [his] private property," and Officer Carter "is responsible for not returning this private property when asked." *Id.*

A court may "at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. And, generally, courts "freely give leave" to plaintiffs who seek to amend their complaints "when justice so requires." FED. R. CIV. P. 15(a). But courts have broad discretion to bar an amendment in light of "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)).

Over a year after filing this lawsuit, Carswell now seeks to add two additional defendants. He purports to only becoming aware of Officer Moeller's involvement upon receiving discovery "immediately" before filing his request for joinder. But Carswell has not explained why he did not or could not have included

Officer Carter as a defendant in his first, second, or third complaints. Nor does he otherwise explain why allowing him to expand his allegations at this late hour is in the interests of justice. Carswell's delay in seeking to add Officer Carter is the first reason why the Court will deny his motion.

More fundamentally, allowing Carswell to add his purported claims against these new defendants would be futile. Carswell cites three laws as the bases for his claims against these officers. The first, 35 C.F.R. § 2.31, is a federal regulation prohibiting various acts within national parks. Carswell does not appear to be claiming that any of the allegedly unlawful conduct occurred within a national park. *See* Sec. Am. Compl., Dkt. 16. The two other laws he cites are found in the Idaho Criminal Code, which does not create private rights of action. Carswell asserts that Officer Moeller's conduct (whatever it may have been) "could be considered as a felony charge." *Joinder of Parties*, Dkt. 34. Whether or not that is true, it does not form a viable basis for a civil lawsuit.

The Court cannot build a house out of popsicle sticks. Even construing Carswell's conclusory statements with utmost liberality, the Court concludes that Carswell's requested amendment would be futile. Put simply, he seeks to add two defendants to this case on the grounds that they violated a national park regulation and state criminal laws. But his conclusory assertions have not demonstrated how these claims could possibly be viable.

Another reason for denying Carswell's motion is to avoid further delaying this litigation. The Court has already permitted Carswell to file two amended complaints, and this case is now nineteen months old. *See* Dkts. 6 & 10. Permitting Carswell to file yet another amended complaint asserting implausible claims would only hamper the "just, speedy, and inexpensive determination" of this action. FED. R. CIV. P. 1.

Ultimately, Carswell's request to add Officer Carter as a defendant was unduly delayed, and his purported claims against both defendants are futile. Justice would not be served by allowing Carswell to add Officer Moeller and Officer Carter as defendants in this matter.

**IT IS ORDERED that** Plaintiff Jack Christopher Carswell's Motion for Joinder of Parties (Dkt. 34) is **DENIED**.

DATED: March 18, 2024

B. Lynn Winmill
U.S. District Court Judge