UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>NICHOLAS ANDERSON; TERRY HODGES; NATHAN ATKINSON; CHRISTOPHER LEFAVE; and BRANDON FRASIER,<br><br>            Defendant. | Case No. 1:22-cv-00369-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the defendants' Motion to Compel Discovery Responses (Dkt. 44). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Jack Christopher Carswell, a *pro se* plaintiff, filed this lawsuit in August of 2022 against the Meridian Police Department and several police officers. Dkt. 2. The Court dismissed Carswell's original Complaint in its entirety and dismissed most of the claims in his later-filed Amended Complaint. *See* Dkts. 6 & 10. On April 24, 2023, Carswell filed the now-operative Second Amended Complaint (Dkt. 16). After performing an initial review under 28 U.S.C. § 1915(e)(2), the

MEMORANDUM DECISION AND ORDER - 1

Court dismissed two of Carswell's claims but allowed him to proceed on his claims for false arrest, malicious prosecution, excessive force, and unlawful seizure of personal property. *See* Dkt. 20.

On October 9, 2023, Carswell provided the defendants with his initial disclosures, including several photographs of his alleged injuries, a letter referencing his pre-existing diagnosis of cerebellar dysfunction, and an "After Visit Summary" from St. Luke's hospital dated from November 7, 2021. *Williams Decl.* ¶ 2, Dkt. 44-2. Shortly thereafter, on October 24, 2023, the Court entered a Scheduling Order (Dkt. 32) that established the litigation deadlines governing this case. Pursuant to that Order, fact discovery must have been completed by May 29, 2024, and dispositive motions must be filed by June 28, 2024. *Scheduling Order* ¶¶ 1, 6, Dkt. 32.

On December 13, 2023, the defendants served Carswell with their First Set of Interrogatories and Requests for Production. *Williams Decl.*, Ex. A, Dkt. 44-3. Among other things, the defendants sought information and documents related the allegations of damages in Carswell's Second Amended Complaint (Dkt. 16). *See Williams Decl.*, Ex. A, Dkt. 44-3 (Interrogatory 5–11; Request for Production 5). In response to each discovery request, Carswell stated the following objection:

> Feel free to reference all of the Initial Discovery that was supplied to you on the 9th of October, 2023.

**MEMORANDUM DECISION AND ORDER - 2**

> This interrogatory is also irrelevant in accordance with the Federal Rules of Evidence Rule 403. I would ***strongly suggest*** understanding the Court's Memorandum and Decision Order dated August 1, 2023.

*Williams Decl.*, Ex. B ¶ 4, Dkt. 44-4 (emphasis in original).[1]

After receiving Carswell's objections, defense counsel sent Carswell a letter explaining why they believe the discovery requests are relevant and suggesting that the parties schedule a conference to discuss the matter. *Williams Decl.*, Ex. C, Dkt. 44-5. When Carswell reiterated his objections and declined to meet, the defendants obtained the Court's permission to file a Motion to Compel Discovery Responses (Dkt. 44). That Motion is now fully briefed and ripe for decision.

## LEGAL STANDARDS

A party may obtain discovery on any "nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). Information is relevant if it has "any tendency" to make a fact of consequence more or less probable than it would be without the information or documents. FED. R. EV. 401.

Under Rule 37 of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling another party to provide an "answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). And, if the moving party succeeds on its motion, the court must require the objecting party "to

---

[1] Carswell's objection to Request for Production 5, though stated differently, is substantively the same. *See Williams Decl.*, Ex. B at 8–9, Dkt. 44-4.

pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). There are three exceptions, where the court is not required to shift the financial burden to the objecting party: (1) where the movant did not first attempt in good faith to obtain the disclosure without the court's involvement; (2) where the objecting party's opposition was "substantially justified;" and (3) where "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A)(i–iii).

## DISCUSSION

In this Order, the Court addresses a very narrow issue: whether the information and documents sought in seven of the defendants' interrogatories (Nos. 5–11) and one of the defendants' requests for production (No. 5) are relevant to this case. The Court *does not* address any of the substantive issues underlying this lawsuit, such as whether Carswell's rights were violated, or whether he suffered harm because of the defendants' conduct.

**1.      Carswell must respond to the disputed discovery requests.**

Carswell's relevancy objections are utterly baseless. In his Second Amended Complaint, Carswell seeks millions of dollars in damages against the defendants for alleged violations of his rights, physical injuries, and a loss of "personal property." *Sec. Am. Compl.*, Dkt. 16. Specifically, Carswell claims that the defendants' use of excessive force resulted in "multiple injuries that required an

MEMORANDUM DECISION AND ORDER - 4

Emergency Department visit," including injuries to his "major breathing muscles," "chest pain," "renal insufficiency," and "cuts, scrapes and bruises." *Sec. Am. Compl.* at 7, Dkt. 16. Moreover, Carswell claims that his "pre exhisting [sic] medical conditions have suffered even more detriment as a result" of the defendants' conduct. *Id.*

It should go without saying that the defendants are entitled to obtain information that might disprove Carswell's damages claims. Indeed, the whole point of the discovery process is to facilitate the exchange of relevant information. Without full and fair discovery, a defendant would be powerless against a plaintiff's claims, and the core principle of transparency that underlies our civil justice system would crumble.

Here, the defendants' interrogatories and requests for production are as relevant as discovery requests come. Carswell's arguments to the contrary border on nonsensical. He appears to argue that all his past, present, and future medical information is irrelevant because he has already provided "a medical diagnosis/disability statement" and "the discharge report from the Emergency Department." *Pl.'s Resp.* at 5, Dkt. 45. But that's not how this works. A plaintiff cannot pick and choose which relevant information and documents to provide to a defendant. And for good reason—a plaintiff might withhold evidence unfavorable

**MEMORANDUM DECISION AND ORDER - 5**

to his own claims. Instead, defendants are entitled to conduct their own review of the relevant materials and form their own opinions about their usefulness.

Ultimately, if a plaintiff cannot play by the rules of the game—i.e., the procedural requirements that govern civil litigation— he has no right to utilize the legal system.

**2.  Carswell must pay the reasonable costs and attorney fees incurred by the defendants in bringing and defending their Motion to Compel Discovery Responses (Dkt. 44).**

Pursuant to Rule 37(a)(5)(A), unless an exception applies, the Court must require Carswell to pay the defendants' "reasonable expenses incurred in making the motion, including attorney fees."

None of the exceptions apply here. First, after receiving Carswell's objections, the defendants sent Carswell a letter outlining their position and suggesting a meet and confer. *Williams Decl.*, Ex. C, Dkt. 44-5. In doing so, the defendants made a good faith effort to resolve this dispute without involving the Court. FED. R. CIV. P. 37(a)(5)(A)(i). Second, Carswell's relevancy objections are plainly meritless—not "substantially justified." FED. R. CIV. P. 37(a)(5)(A)(ii). And third, no other circumstances make an award of expenses unjust.

In sum, the defendants are entitled to their reasonable expenses, including attorney fees, incurred in bringing and defending their Motion to Compel Discovery Responses (Dkt. 44).

**MEMORANDUM DECISION AND ORDER - 6**

3.  **Modification of Litigation Deadlines**

This dispute over the defendants' discovery requests has delayed the discovery process in this case. Consequently, some of the litigation deadlines will likely need to be extended. *See Def.'s Reply* at 2, Dkt. 48 ("Defense counsel intends to take Plaintiff's deposition once he has provided the responsive discovery information."). Within fourteen days after issuance of this Order, the parties shall file a stipulation to extend the litigation deadlines, as necessary. If a stipulation cannot be reached, the defendants may instead file a motion to extend the deadlines, and Carswell may file a response to that motion within seven days after it is served.

## ORDER

IT IS ORDERED that:

1.  Defendants' Motion to Compel Discovery Responses (Dkt. 44) is **GRANTED**. Plaintiff shall respond to Interrogatory Nos. 5–11 and Request for Production No. 5 within fourteen days after issuance of this Order.

2.  Defendants are further entitled to their reasonable expenses, including attorney fees, incurred in bringing and pursuing their Motion. Within twenty-one days after issuance of this Order, Defendants shall file their motion for attorney fees along with any supporting documentation.

3.  Within fourteen days after issuance of this Order, the parties shall file a stipulation to extend the litigation deadlines, as necessary. If a stipulation cannot be reached, the defendants may instead file a motion to extend the deadlines, and Carswell may file a response to that motion within seven days after it is served.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8