UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL, | Case No. 1:22-cv-00369-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| NICHOLAS ANDERSON; TERRY HODGES; NATHAN ATKINSON; CHRISTOPHER LEFAVE; and BRANDON FRASIER, | |
| Defendant. | |

On June 24, 2024, the Court granted Defendants' Motion to Compel Discovery Responses (Dkt. 44) and directed Plaintiff to serve his responses within fourteen days. The Court also determined that Defendants were entitled to recover the reasonable expenses they incurred in bringing their motion. *See* Dkt. 49. Given the delay caused by the parties' discovery dispute, the Court acknowledged that the litigation deadlines would likely need to be extended. *Id.* Accordingly, the Court directed:

> Within fourteen days after issuance of this Order, the parties shall file a stipulation to extend the litigation deadlines, as necessary. If a stipulation cannot be reached, the defendants may instead file a motion to extend the deadlines, and Carswell may file a response to that motion within seven days after it is served.

**MEMORANDUM DECISION AND ORDER - 1**

Dkt. 49 at 8.

On July 5, 2024, Defendants filed a motion to extend the deadlines set forth

in the Scheduling Order (Dkt. 32), explaining:

> [T]he [sic] undesigned reached out to Mr. Carswell on June 25 and
> proposed the following stipulated litigation extension:
>
> - Deadline to take Mr. Carswell's deposition: September 6, 2024
>   (60 days after July 8 deadline for Mr. Carswell to answer
>   discover per the Court's order);
> - Dispositive motion deadline: October 6, 2024 (30 days after
>   September 6 deposition deadline).
>
> On July 1, Mr. Carswell responded and stated he would be filing a
> "response" to the Court's June 24 order and that:
>
>> Regarding the scheduling agreement; I have always followed
>> the court's scheduling order. You chose to submit your Motion
>> to the court. Therefore, delaying the process! The court also
>> seems very overwhelmed with their case loads. Similar to this
>> case, I would imagine! Besides, the court decided their previous
>> scheduling order and they are ultimately in control of their
>> decisions and timeframes. I will also make note of this in my
>> pending response.
>
> Based on this response, it appears that Mr. Carswell will not stipulate
> as ordered by the Court.

*Motion* at 1–2, Dkt. 51.

On July 9, 2024, Plaintiff submitted two filings to the Court. First, a

document entitled: "Response to Memorandum and Decision Order." Dkt. 52.

Though mostly incoherent, the "response" contains a smattering of complaints

about defense counsel, *id.* at 3 ("Reasoning with or seeking educated conversations

MEMORANDUM DECISION AND ORDER - 2

with Tyler has proven to be impossible."), and criticisms of the Court, *id.* at 4–5 ("[T]his Court is being extremely biased and unwilling to acknowledge the Law as it has been clearly presented. [ . . . ] Recusal may be a valid option for the acting judge in this matter."). Ultimately, Plaintiff stated that he would nevertheless "provide answers to the defendants interrogatories as ordered by this court." *Id.* at 3–4.

The second document Plaintiff filed on July 9 is entitled: "Motion to Take Judicial Notice." Dkt. 53. The substance of the motion is perplexing. Plaintiff asks the Court to take "judicial notice" of the "Legislative fact that the Federal Laws, as presented throughout these proceedings remain the basis upon which this Court provides for relief and makes its decisions moving forward." *Id.* at 2. This request is riddled with problems—the foremost being that Plaintiff has not identified any *fact* of which the Court could take judicial notice. Plaintiff's request is simply nonsensical and will not be countenanced.

**IT IS ORDERED that:**

1.      Defendants' Motion to Amend Scheduling Order (Dkt. 51) is **GRANTED**. The Scheduling Order (Dkt. 32) is amended as follows:

a.      Plaintiff's deposition must be taken on or before **September 6, 2024**; and

  b.  Dispositive motions must be filed on or before **October 6, 2024**.

  c.  In all other respects, the Scheduling Order (Dkt. 35) shall remain in full force and effect.

2.  Plaintiff's Motion to Take Judicial Notice (Dkt. 53) is **DENIED**.

DATED: August 7, 2024

B. Lynn Winmill
U.S. District Court Judge