UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK CHRISTOPHER CARSWELL,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ANDERSON; TERRY HODGES; NATHAN ATKINSON; CHRISTOPHER LEFAVE; JONATHAN SALISBURY; CITY OF MERIDIAN POLICE DEPARTMENT; and BRANDON FRASIER,<br><br>Defendants. | Case No. 1:22-cv-00369-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendants' Motion for Attorney Fees in the amount of $1,992.25. This Motion stems from the Court's previous decision granting Defendants' motion to compel and requiring Plaintiff to pay Defendants' reasonable expenses incurred in bringing the motion (Dkt. 49). The only question now is whether the fees sought are reasonable. The Court finds that they are and awards Defendants attorney fees in the amount of $1,992.25.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The Court will review the facts briefly for the benefit of the parties. *Pro se* plaintiff Jack Christopher Carswell sued the Meridian Police Department and several officers after he was arrested in November 2021. He seeks millions of dollars in damages. Following several rounds of dismissal and amendment, Carswell proceeded with claims for false arrest, malicious prosecution, excessive force, and unlawful seizure of property. *See* Dkt. 20. Discovery commenced in the fall of 2023, and Defendants sought information related to the allegations of damages. Carswell objected to the requests based on irrelevance and refused to meet to discuss the matter. In March 2023, Defendants filed a motion to compel, which the Court granted in June 2024.[1] The Court also determined that Defendants were entitled to attorney fees and other reasonable expenses pertaining to the motion.[2] Defendants then filed the current Motion for Attorney Fees.

---

[1] As the Court explained in that Order, "[a] party may obtain discovery on any 'nonprivileged matter that is relevant to any party's claim or defense[.]'" Dkt. 49 at 3 (quoting Fed. R. Civ. P. 26(b)(1)). Defendants' interrogatories and requests for production—which sought information about Carswell's alleged injuries and medical expenses related to the arrest—were "as relevant as discovery requests come." *Id.* at 5. The Court concluded, accordingly, that Carswell's objections were "utterly baseless." *Id.* at 4.

[2] Under Federal Rule of Civil Procedure 37, an award of expenses for a successful motion to compel is mandatory unless (1) the movant did not make a good faith attempt to obtain the disclosure without court involvement; (2) the objecting party's opposition was "substantially (Continued)

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Defendants' award of attorney fees is limited to reasonable expenses incurred in bringing the motion to compel. In the Ninth Circuit, courts use the two-step "lodestar method" to calculate a reasonable fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363–34 (9th Cir. 1996). The Court first evaluates whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is then multiplied by the reasonable number of hours to establish a lodestar figure. *Id.* This lodestar figure is a presumptively reasonable fee but may be adjusted based on a variety of factors. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Such adjustments, however, are appropriate "[o]nly in rare instances." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).

## ANALYSIS

Defendants seek an award of $1,992.25 in attorney fees. This figure represents a total of 11.25 billed hours at a rate of $175 to $185 per hour. *Dec. of Tyler D. Williams*, Dkt. 54.

First, the Court finds that the hourly rate is reasonable based on the rate for

---

justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). None of these exceptions applied to Defendants' motion. *See* Dkt. 49 at 6.

similar work performed by Idaho attorneys of comparable skill and experience. Second, the Court finds that hours expended are reasonable. Defendants seek to recover only for time directly related to the motion to compel, primarily drafting and revising their filings. *Ex. A*, Dkt. 54; *see Manley v. Winsupply Inc*, No. 1:21-cv-00439-BLW, 2023 WL 7164564, at *4 (D. Idaho Oct. 30, 2023) (noting that "time spent drafting the motion to compel is certainly recoverable"). The hours dedicated to this work were limited and proportionate to the nature of the issue.

Based on the above, the "lodestar figure" for attorney fees is the same as the award sought by Defendants: $1,992.25. No party has made the case for an adjustment, and the Court finds no reason to do so. Defendants are therefore entitled to an award of attorney fees in the amount of $1,992.25.

## ORDER

**IT IS ORDERED that:**

1. Defendants' Motion for Attorney Fees (Dkt. 54) is **GRANTED**.

2. The Court hereby awards Defendants attorney fees in the amount of $1,992.25.

3. Plaintiff must comply with this order within 30 days.

**MEMORANDUM DECISION AND ORDER - 4**

DATED: September 30, 2024

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5